UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

REGINALD RABSHEKE BLACK,    )
                            )
    Movant,                 )
                            )
v.                          )    Case No.  CV415-193
                            )              CR413-134
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )

## REPORT AND RECOMMENDATION

Reginald Rabsheke Black moves under 28 U.S.C. § 2255 to challenge his conviction. CR413-134, doc. 56.[1] Upon preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions, it must be denied.

## I. BACKGROUND

Black pled guilty to gun and drug charges (docs. 49 & 50) and took no appeal. He claims that he is entitled to § 2255 relief based on "Actual Innocence By Newly Discovered Evidence." Doc. 56 at 4. Ground One, in its entirety states (in raw, unedited form):

---

[1] The Court is citing to his criminal case docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

> The newly discovered evidence of United States Attorney Cameron Ippolito and ATF Special Agent Lou Valoze affair, were discoverable fact's of a magnitude that were overwhelming prejudicial. Evidence that is discovered after the fact's is a Conflict of Interest, that when compared under new light has the probability to produce a different result.

Doc. 56 at 4.

Black has failed to present factually/legally supported claims. The Ippolito/Valoze affair affected *some* cases before this Court. *See In re: Ippolito,* 2015 WL 424522 (S.D. Ga. Jan. 30, 2015), cited in *Rubio-Garcia v. United States,* 2015 WL 4390074 at * 1 (S.D. Ga. July 15, 2015) and *Hernandez-Landeros v. United States,* 2015 WL 4040568 (S.D. Ga. June 30, 2015). But it is not enough to simply reference it and conclude that it demonstrates actual innocence or otherwise supports § 2255 relief. Section 2255 movants

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States,* 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown,* 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States,* 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v.*

*Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014); *Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga May 13, 2015), *adopted*, 2015 WL 3549998 (S.D. Ga. May 29, 2015). To win § 2255 relief requires more than that:

> The reason for the heightened pleading requirement -- fact pleading -- is obvious. Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (footnote omitted).

Black therefore must not just raise, but *argue* his claims. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties."); *id.* at 1285 (a district court "may *not*, however, act as a plaintiff's lawyer

and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation."); *Lee v. Thomas*, 2012 WL 1965608 at *55 (S.D. Ala. May 30, 2012) ("This Court is constrained not to fill in those blanks or develop petitioner's legal theories for him."). That includes citation to the trial court records:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

It thus remains Black's burden to plead and prove his claims, including citation to the trial record. Merely pointing to the affair and

4

concluding that it was "overwhelming[ly] prejudicial" is not enough; he must allege (and ultimately prove) facts *showing*, for example, that prosecutorial misconduct occurred which rendered his trial fundamentally unfair. *See, e.g., Platten v. United States*, 2014 WL 46523 at * 33 (S.D. Fla. Jan. 2, 2014) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-45 (1974)). Black's failure here parallels *Hernandez-Landeros*. There the § 2255 movant, like Black, had pled guilty but later argued only "that the failure of the government to disclose the improper relationship between AUSA Ippolito and Agent Valoze constitutes misconduct that justifies relief." 2015 WL 4040568 at 5.

The Court rejected that claim: "In light of the ample warnings from the Court during the plea colloquy regarding the consequences of pleading guilty and admitting the facts alleged in the indictment, it is exceedingly unlikely that disclosure of impeachment material [*i.e.,* the affair] satisfies the heavy burden of asserting that Hernandez–Landeros's statements made during that colloquy were false." *Id.* at * 6; *see also id.* ("Therefore, the fact that the Government did not disclose impeachment material prior to Hernandez-Landeros's guilty plea does not entitle him to relief.").

Alternative grounds support dismissal of Black's § 2255 motion: It is untimely. The Court entered judgment against him on February 20, 2014, doc. 50, and he had one year from the date his conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Black had 14 days from the entry of the judgment against him to file his notice of appeal (*i.e.*, until March 6, 2014). Since he filed no appeal, § 2255(f)'s one-year clock began to tick 14 days later, on March 6, 2015. He did not "signature-file" his § 2255 motion until July 2, 2015,[2] which is 118 days too late. Doc. 56 at 13. Hence his § 2255 motion is untimely, and his January 5, 2015 "Motion to Receive Documents" -- *presumably* (but he not say explicitly) to assist his then-contemplated § 2255 motion -- did not stop the clock. *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (defendant's letter

---

[2] The Eleventh Circuit explains that

> [i]n *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court decided *pro se* prisoner notices of appeal to federal courts of appeals are to be considered filed at the moment the notice is delivered to prison authorities for forwarding to the courts. . . . And in cases like *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001), this Court extended the Houston time-of-filing rule to pro se prisoner motions to vacate: 28 U.S.C. § 2255.

*Natson v. United States*, 494 F. App'x 3, 4 (11th Cir. 2012) (footnote omitted).

inquiring about deadlines and revealing his intent to file a § 2255 motion could not be construed as a § 2255 motion for purposes of the one year statute of limitation).[3] Even if it did, his § 2255 motion must still be denied on the merits, as explained above.

Black's § 2255 motion should be **DENIED** and his civil case (CV415-193) should be **DISMISSED**. The Court also **GRANTS** his motion (doc. 52) for free copies of his plea agreement and the docket sheet (the Clerk shall include a copy of both with this Report and Recommendation) but **DENIES** his request for a free copy of the guilty-plea and sentencing transcripts. As explained above, he pleads no facts supporting any cognizable § 2255 claim, and thus, under the 28 U.S.C. § 753(f) standard, shows nothing to indicate how such transcripts

---

[3] Defendants send lots of things to courts. The risk of misinterpretation, which can affect procedural deadlines and thus individual rights, is high. Section 2255's Rule 2(b) is designed to eliminate any confusion about what constitutes a § 2255 motion:

> Rule 2(b) of the Rules Governing Section 2255 Proceedings instructs that "[t]he motion must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(c) further provides that a § 2255 motion "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

*United States v. Domenech*, 2014 WL 2711962at *2 (W.D. Mich. June 15, 2014). Black's "Motion to Receive Documents" (doc. 52) comes nowhere close to meeting those requirements, so it cannot reasonably be said to stop § 2255(f)'s clock.

7

are necessary. *See United States v. Mitchell*, 2008 WL 824226 at * 1 (M.D. Fla. Mar. 26, 2008); 28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."). Black may obtain copies of these documents by providing the Clerk's Office with the appropriate copying charges.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 2nd day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**